**<u>Exhibit B</u>**

**Supplemental Brief**

DOCS_DE:237413.2 96991/001

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| ASHINC CORPORATION, *et al.*, | Case No. 12-11564 (CSS) |
| Debtors. | (Jointly Administered) |
| CATHERINE E. YOUNGMAN, LITIGATION TRUSTEE FOR ASHINC CORPORATION, ET. AL., AS SUCCESSOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF ASHINC CORPORATION, AND ITS AFFILIATED DEBTORS | |
| Plaintiff, | Civil Action No. 21-cv-1650 (CFC) |
| BDCM OPPORTUNITY FUND II, LP, BLACK DIAMOND CLO 2005-1 LTD., and SPECTRUM INVESTMENT PARTNERS, L.P., | |
| Intervenors, | Adv. Proc. No. 13-50530 (CSS) |
| v. | |
| YUCAIPA AMERICAN ALLIANCE FUND I, L.P., and YUCAIPA AMERICAN ALLIANCE (PARALLEL) FUND I, L.P., | |
| Defendants. | |

CATHERINE E. YOUNGMAN, LITIGATION TRUSTEE FOR ASHINC CORPORATION, ET AL., AS SUCCESSOR TO BDCM OPPORTUNITY FUND II, LP, BLACK DIAMOND CLO 2005-1 LTD., SPECTRUM INVESTMENT PARTNERS, L.P., BLACK DIAMOND COMMERCIAL FINANCE, L.L.C., as co-administrative agent, and SPECTRUM COMMERCIAL FINANCE LLC, as co-administrative agent,

Civil Action No. 21-cv-1649 (CFC)

Plaintiff,

Adv. Proc. No. 14-50971 (CSS)

v.

YUCAIPA AMERICAN ALLIANCE FUND I, L.P., and YUCAIPA AMERICAN ALLIANCE (PARALLEL) FUND I, L.P.,

Defendants.

**SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION OF YUCAIPA AMERICAN ALLIANCE FUND I, L.P. AND YUCAIPA AMERICAN ALLIANCE (PARALLEL) FUND I, L.P. FOR ENTRY OF AN ORDER PURSUANT TO 28 U.S.C. § 157(d) AND BANKRUPTCY RULE 5011(a) WITHDRAWING THE REFERENCE OF ADVERSARY PROCEEDINGS**

By reason of recent subsequent events, Defendants Yucaipa American Alliance Fund I, L.P. and Yucaipa American Alliance (Parallel) Fund I, L.P. (collectively, "Yucaipa"), by and through their undersigned counsel, hereby submit this supplemental brief in further support of the *Motion of Yucaipa American Alliance Fund I, L.P. and Yucaipa American Alliance (Parallel) Fund I, L.P. for Entry of an Order Pursuant to 28 U.S.C. § 157(d) and Bankruptcy Rule 5011(a) Withdrawing the Reference of Adversary Proceedings* and in response to the *Litigation Trustee's*

*Opposition to [the Motion]* (the "<u>Opposition</u>").[1]   In further support of the Motion, Yucaipa respectfully replies as follows:

In an effort to persuade the Court to deny the Motion, the Trustee represented to this Court in her Opposition that the scope of the claims remaining for trial is far more limited than it was prior to the entry of the June 23, 2020 Judgment that is currently on appeal, and, therefore, the facts relevant to the claims pending review by this Court are entirely unrelated to the facts relevant to the claims that remain for trial.  Yucaipa explained in detail in its briefs why that is not the case. But its argument is bolstered and made even more urgent given recent developments.  In the last few days, the Trustee has made it clear that she will not abide by the statements made in the Opposition regarding the scope of her remaining claims, and that she in fact does intend to try, concurrently with the pending appeal, issues that are also relevant to that appeal.

In the Opposition, the Trustee argued that "the remaining disputed factual issues for trial on these claims [remaining for trial] relate to Yucaipa's conduct masquerading as Requisite Lender, including its 'conduct in the JCT Negotiations' and whether it 'caused Allied to commit events of default under the FLCA.'"  Opp. at 4.  Similarly, the Trustee argued that:

> the *factual issues* remaining to be tried concern Yucaipa's conduct when masquerading as Requisite Lender, including its "conduct in the JCT Negotiations" and whether it "caused Allied to commit events of default under the FLCA." (Opinion at 109). These facts underlie the Trustee's remaining claims for trial, and Yucaipa's appeals do not address these facts or the legal claims underlying them.

Opp. at 11.

Thus, the Trustee argued to this Court that the only issues remaining for trial "relate to Yucaipa's conduct masquerading as Requisite Lender"; *i.e.,* to the period following the entry of the Fourth Amendment, which Yucaipa and Allied believed to be effective in recognizing Yucaipa

---

[1]      D.I. 895, Estate Action; D.I.630, Lender Action.

as "Requisite Lender" under the FLCA, until that amendment was found to be void *ab initio* years later.

When Yucaipa's counsel sought to confirm that the Trustee in fact did not intend to raise any issues or bases for her claims at trial outside of those specified in the Opposition, and specifically that the Trustee would not be asserting any facts or argument related to the entry into the Fourth Amendment as a basis for her claim, the Trustee's counsel represented that it had no intention of relitigating the Fourth Amendment.  *See* Exhibit A (Email from J. Zaiger to G. Grant dated Dec. 13, 2021).  This was before Yucaipa's then-pending motion to stay the February 7 trial was denied by the Bankruptcy Court.

After the motion to stay was denied by the Bankruptcy Court, Yucaipa's counsel sought again to confirm that, consistent with the Trustee's prior representations, the bases for the claims remaining for trial would not include facts concerning Yucaipa's conduct relating to the entry of the Fourth Amendment – *i.e.,* to the period pre-dating the assumed effectiveness of that amendment – as evidence of an alleged breach of fiduciary duty.  The Trustee's counsel refused and stated: "our statement that we won't be re-litigating the Fourth Amendment was not intended to somehow preclude all evidence or argument about Yucaipa's dereliction of fiduciary duties in connection therewith.  So I can't confirm that."  *Id*.

The Trustee's new position – announced less than two months prior to trial, if the Motion is not granted earlier – is flatly inconsistent with the arguments made before this Court that the issues remaining for trial would be limited to the period following the entry of the Fourth Amendment – specifically to the negotiations with JCT and any purported breaches by Allied *after* Yucaipa became the Requisite Lender under the Fourth Amendment.  This amounts to a trial by ambush.

2

Critically, the Trustee's new position is inconsistent with the arguments it made to this Court that the issues remaining for trial do not overlap in any way with the issues left for trial.  *See e.g.,* Opp. at p. 2 ("the claims and issues remaining for trial really 'don't cross-contaminate in any way' with issues on appeal."); *id.* at 13 ("the pool of facts that are relevant to what is left to try versus the pool of facts that are relevant to what the Court has already decided really do not cross.").

The propriety of Yucaipa's conduct in connection with the Fourth Amendment – which the Trustee has now admitted will be an issue at trial – is squarely before this Court on appeal in Civil Action No. 21-v-994 (CFC) and Civil Action No. 21-cv-995 (CFC).  In its summary judgment Opinion, the Bankruptcy Court made various findings and rulings concerning Yucaipa's conduct in connection with the entry into the Fourth Amendment.  Yucaipa has appealed those rulings.  Those rulings are directly at issue in Yucaipa's appeal of the Bankruptcy Court's Judgment on, among other things, the Trustee's fraudulent transfer claims, in which the Bankruptcy Court made findings about the value, or lack thereof, of the Fourth Amendment to Allied and concluded that Yucaipa acted in bad faith in connection with the entry into the Fourth Amendment.  The Bankruptcy Court also concluded that Allied was harmed by the Fourth Amendment, when it ruled in the Trustee's favor on the claims for breach of contract.  Now that the Trustee intends to assert that Yucaipa's conduct in connection with Allied's entry into the Fourth Amendment is a basis for its remaining claims, these appealed issues will also be part of the trial.  For example, a central issue at trial will be how and whether the Fourth Amendment benefited Allied and whether those benefits outweigh any harm.  The issue of whether Yucaipa acted in good faith will also need to be tried.  For the reasons explained in Yucaipa's Motion and reply brief, the undeniable overlap of

3

issues relating to the claims on appeal and those remaining for trial provide grounds for immediate withdrawal of the reference.

In addition, the Trustee represented to this Court in her Opposition that only three claims remain for trial – two non-core claims and one core claim – and that the additional non-core claim for aiding and abetting a breach of fiduciary duty would not be among those claims to be adjudicated by the Bankruptcy Court. *See, e.g.,* Opp. at 2 (arguing that the trial would concern only "the Trustee's three remaining claims"; *i.e.,* excluding the aiding and abetting claim). However, when Yucaipa's counsel sought to confirm that the Trustee would not be trying that non-core claim, the Trustee insisted that she would not dismiss the claim without a stipulation requiring Yucaipa to make certain concessions and waivers of appeal rights that Yucaipa could not reasonably be expected to make. *See* Exhibit A. Thus, contrary to the statements made in the Opposition, the Trustee *will* ask the Bankruptcy Court to adjudicate the aiding and abetting claim at trial, which results in three remaining non-core claims left to be tried.

The new circumstances described herein support immediate withdrawal of the reference, before trial preparation further progresses.

Dated:  December 17, 2021                PACHULSKI STANG ZIEHL & JONES LLP

                                         */s/ Laura Davis Jones*
                                         Laura Davis Jones (DE Bar No. 2436)
                                         David M. Bertenthal (CA Bar No. 167624)
                                         Peter J. Keane (DE Bar No. 5503)
                                         919 N. Market Street, 17th Floor
                                         P.O. Box 8705
                                         Wilmington, DE 19899-8705 (Courier 19801)
                                         Telephone: (302) 652-4100
                                         Fax: (302) 652-4400
                                         Email: ljones@pszjlaw.com
                                                dbertenthal@pszjlaw.com
                                                pkeane@pszjlaw.com

4

-and-

GLASER WEIL FINK HOWARD AVCHEN &
SHAPIRO LLP
Patricia L. Glaser (*admitted pro hac vice*)
Gali Grant (*admitted pro hac vice*)
Matthew P. Bernstein (*admitted pro hac vice*)
10250 Constellation Blvd., 19th Floor
Los Angeles, CA 90067
Telephone: (310) 553-3000
Fax: (310) 556-2920
Email: pglaser@glaserweil.com
     ggrant@glaserweil.com
     mbernstein@glaserweil.com

Counsel for Yucaipa

5

# EXHIBIT A

| | |
|---|---|
| **From:** | Jeffrey H. Zaiger <jzaiger@zaigerllc.com> |
| **Sent:** | Monday, December 13, 2021 7:01 PM |
| **To:** | Gali Grant; Laura Davis Jones; Niederman, Seth A.; Gila S. Singer; Douglas J. Pepe; Judd Linden; Gregory P. Joseph |
| **Cc:** | Patricia Glaser; Matthew Bernstein; David Bertenthal; Peter J. Keane; Maxim Litvak; Steven J. Kahn; Gabriel I. Glazer |
| **Subject:** | RE: ASHINC - Youngman v Yucaipa |

Hi Gali: as discussed earlier today, our statement that we won't be re-litigating the Fourth Amendment was not intended to somehow preclude <u>all</u> evidence or argument about Yucaipa's dereliction of fiduciary duties in connection therewith.  So I can't confirm that.  Given the history of the case, various decisions, and nature of the amendment, we don't view this as consuming much, if any, of the Court's time at trial as far as the Trustee's presentation.  Hopefully the call clarified some of these issues for you.  If you need to talk further, I'm available.

Kind regards,

JHZ

---

**From:** Gali Grant <ggrant@glaserweil.com>
**Sent:** Monday, December 13, 2021 2:33 PM
**To:** Jeffrey H. Zaiger <jzaiger@zaigerllc.com>; Laura Davis Jones <ljones@pszjlaw.com>; Niederman, Seth A. <SNiederman@foxrothschild.com>; Gila S. Singer <gsinger@jhany.com>; Douglas J. Pepe <dpepe@jhany.com>; Judd Linden <jlinden@zaigerllc.com>; Gregory P. Joseph <gjoseph@JHANY.COM>
**Cc:** Patricia Glaser <pglaser@glaserweil.com>; Matthew Bernstein <mbernstein@glaserweil.com>; David Bertenthal <dbertenthal@pszjlaw.com>; Peter J. Keane <pkeane@pszjlaw.com>; Maxim Litvak <mlitvak@pszjlaw.com>; Steven J. Kahn <skahn@pszjlaw.com>; Gabriel I. Glazer <gglazer@pszjlaw.com>
**Subject:** RE: ASHINC - Youngman v Yucaipa

Hi Jeff,
As we discussed on our call on December 8, we are seeking to eliminate any ambiguity about the scope of trial and confirm that, consistent with your prior representations that the Fourth Amendment will not be litigated at trial, the Trustee will not argue or present any evidence in support of any argument at trial that any actions by Yucaipa relating to the entry into the Fourth Amendment are a basis for any of the Trustee's remaining claims.  When we spoke last week, you indicated that you believed that was the case but needed to confirm and would get back to me by Friday, December 10.  I did not hear back, and given the proximity to trial, I would kindly ask that you respond today.

We understand that by way of background you will be presenting facts relating to the Fourth Amendment as part of the chronology of the case.  As we discussed, on our call, what we are seeking is to confirm that any conduct by Yucaipa relating to the entry into the Fourth Amendment and related debt purchase is not a basis for the Trustee's remaining claims.  That means that, for example, you will not be arguing that entry into the Fourth Amendment and related debt purchase constitute a breach of fiduciary duty or covenant of good faith and fair dealing, as opposed to alleged breaches of those duties thereafter.

I am happy to discuss this further on the phone, but as I said on our call, we need written confirmation in order to avoid motion practice.  As we also discussed, since this will impact our witness list (and I imagine the Trustee's witness list), which we will be exchanging by the end of this month, we need to resolve this issue right away.

Thanks.

# Glaser Weil

**Gali Grant | Partner**
10250 Constellation Blvd., 19th Floor, Los Angeles, CA 90067
Main: 310.553.3000 | Direct: 310.282.6291 | Fax: 310.785.3591
E-Mail: ggrant@glaserweil.com | www.glaserweil.com



This message and any attached documents may contain information from the law firm of Glaser Weil Fink Howard Avchen & Shapiro LLP that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message

---

**From:** Gali Grant
**Sent:** Tuesday, December 7, 2021 3:22 PM
**To:** Jeffrey H. Zaiger <jzaiger@zaigerllc.com>; Laura Davis Jones <ljones@pszjlaw.com>; Niederman, Seth A. <SNiederman@foxrothschild.com>; Gila S. Singer <gsinger@jhany.com>; Douglas J. Pepe <dpepe@jhany.com>; Judd Linden <jlinden@zaigerllc.com>; Gregory P. Joseph <gjoseph@JHANY.COM>
**Cc:** Patricia Glaser <pglaser@glaserweil.com>; Matthew Bernstein <mbernstein@glaserweil.com>; David Bertenthal <dbertenthal@pszjlaw.com>; Peter J. Keane <pkeane@pszjlaw.com>; Maxim Litvak <mlitvak@pszjlaw.com>; Steven J. Kahn <skahn@pszjlaw.com>; Gabriel I. Glazer <gglazer@pszjlaw.com>
**Subject:** RE: ASHINC - Youngman v Yucaipa

Hi Jeff,

I'm about to call you re the below. What is the best number to call?

Thanks.

Gali

# Glaser Weil

**Gali Grant | Partner**
10250 Constellation Blvd., 19th Floor, Los Angeles, CA 90067
Main: 310.553.3000 | Direct: 310.282.6291 | Fax: 310.785.3591
E-Mail: ggrant@glaserweil.com | www.glaserweil.com



This message and any attached documents may contain information from the law firm of Glaser Weil Fink Howard Avchen & Shapiro LLP that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message

---

**From:** Jeffrey H. Zaiger <jzaiger@zaigerllc.com>
**Sent:** Tuesday, December 7, 2021 8:12 AM
**To:** Gali Grant <ggrant@glaserweil.com>; Laura Davis Jones <ljones@pszjlaw.com>; Niederman, Seth A. <SNiederman@foxrothschild.com>; Gila S. Singer <gsinger@jhany.com>; Douglas J. Pepe <dpepe@jhany.com>; Judd Linden <jlinden@zaigerllc.com>; Gregory P. Joseph <gjoseph@JHANY.COM>
**Cc:** Patricia Glaser <pglaser@glaserweil.com>; Matthew Bernstein <mbernstein@glaserweil.com>; David Bertenthal <dbertenthal@pszjlaw.com>; Peter J. Keane <pkeane@pszjlaw.com>; Maxim Litvak <mlitvak@pszjlaw.com>; Steven J. Kahn <skahn@pszjlaw.com>; Gabriel I. Glazer <gglazer@pszjlaw.com>
**Subject:** RE: ASHINC - Youngman v Yucaipa

Gali: there has been no misrepresentation and we stand behind what was said in our brief.  (*See* Opp. to Withdrawal Motion at 8-9).

If I understand your proposal in the penultimate sentence of the second paragraph, it doesn't appear we are saying anything all that different.  It is, however, materially different than your initial mark up of the side stipulation we sent in response to your request for us to dismiss the claim.  Why don't you just give me a call any time after 3:30 pm EST today.  I think that could prove more productive than extending this e-mail exchange.

In the meantime, do we have your consent to file the pre-trial scheduling order with your /s/?

-JHZ

---

**From:** Gali Grant <ggrant@glaserweil.com>
**Sent:** Monday, December 06, 2021 5:35 PM
**To:** Jeffrey H. Zaiger <jzaiger@zaigerllc.com>; Laura Davis Jones <ljones@pszjlaw.com>; Niederman, Seth A. <SNiederman@foxrothschild.com>; Gila S. Singer <gsinger@jhany.com>; Douglas J. Pepe <dpepe@jhany.com>; Judd Linden <jlinden@zaigerllc.com>; Gregory P. Joseph <gjoseph@JHANY.COM>
**Cc:** Patricia Glaser <pglaser@glaserweil.com>; Matthew Bernstein <mbernstein@glaserweil.com>; David Bertenthal <dbertenthal@pszjlaw.com>; Peter J. Keane <pkeane@pszjlaw.com>; Maxim Litvak <mlitvak@pszjlaw.com>; Steven J. Kahn <skahn@pszjlaw.com>; Gabriel I. Glazer <gglazer@pszjlaw.com>
**Subject:** RE: ASHINC - Youngman v Yucaipa

Jeff,

The Trustee very clearly represented to the Court that there are three claims that will be tried.  The Trustee listed those three claims specifically.  And, the Trustee relied on the argument that only three claims will be tried as a basis for its opposition to Yucaipa's pending motions.  In fact, the Trustee relied on the representation that the aiding and abetting claim (a *non-core* claim) will not be tried in order to minimize in the eyes of the District Court, the number of non-core claims that remain to be decided by the bankruptcy court.  That representation was not conditioned on the parties entering any stipulation.  To the extent it is in reality your intent to have that claim considered and decided by the bankruptcy court, we expect that you will file the necessary papers to correct your prior representation to the Court.

That being said, we are happy to continue efforts to enter a stipulation.  The primary issue with the stipulation's statement that any conduct by a fiduciary that would rise to level of aiding and abetting is a breach of a fiduciary duty is that it implies that the parties will in fact need to litigate whether a particular act constitutes aiding and abetting.  In other words, it simply expands the scope of the breach of fiduciary duty claim to encompass the aiding and abetting claim.  I do not believe that is what the parties mean to stipulate to.  We understand that, in your view, the aiding and abetting claim requires no additional proof.  To the extent this statement is intended to mean that the aiding and abetting claim is limited to the same conduct now underlying the breach of fiduciary duty—i.e., Yucaipa's alleged interference with the 2011-2012 JCT negotiations—we can likely resolve this issue and work on the stipulation to more accurately represent what the parties are agreeing to.  Perhaps one way to phrase the stipulation is to state, in substance, that it is undisputed that at all relevant times, Yucaipa owed Allied a fiduciary duty as its majority shareholder and that the Trustee is not claiming that the duties owed by the Allied Board Members were greater than the duties owed by Yucaipa, and therefore, the aiding and abetting claim would be duplicative of the breach of fiduciary duty claim.  Let me know your thoughts.

Finally, in the Court's order denying Yucaipa's motion to stay, the Court quoted from its summary judgment ruling a passage that included a statement that the Trustee's breach of fiduciary duty claim is premised upon Yucaipa breaching the duty of loyalty by causing Allied to enter the Fourth Amendment even though the Fourth Amendment "serve[d] no valid corporate purpose for Allied."  This is of course, an issue directly on appeal, so the Court does make clear later in the opinion that the only remaining issues for trial are (1) Yucaipa's alleged interference with the JCT negotiations and

(2) Yucaipa allegedly causing Allied to breach the FLCA.   Nevertheless, we want to eliminate any ambiguity about the scope of trial and confirm your representations below that the Trustee will not argue or present any evidence in support of any argument at trial that any actions by Yucaipa relating to the entry into the Fourth Amendment are relevant to any of the Trustee's remaining claims, notwithstanding the Court's inclusion of this portion of the quote in its opinion.

Gali

## Glaser Weil

**Gali Grant | Partner**
10250 Constellation Blvd., 19th Floor, Los Angeles, CA 90067
Main: 310.553.3000 | Direct: 310.282.6291 | Fax: 310.785.3591
E-Mail: ggrant@glaserweil.com | www.glaserweil.com



This message and the attached documents may contain information from the law firm of Glaser Weil Fink Howard Avchen & Shapiro LLP that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message

**From:** Jeffrey H. Zaiger <jzaiger@zaigerllc.com>
**Sent:** Friday, December 3, 2021 2:42 PM
**To:** Gali Grant <ggrant@glaserweil.com>; Laura Davis Jones <ljones@pszjlaw.com>; Niederman, Seth A. <SNiederman@foxrothschild.com>; Gila S. Singer <gsinger@jhany.com>; Douglas J. Pepe <dpepe@jhany.com>; Judd Linden <jlinden@zaigerllc.com>; Gregory P. Joseph <gjoseph@JHANY.COM>
**Cc:** Patricia Glaser <pglaser@glaserweil.com>; Matthew Bernstein <mbernstein@glaserweil.com>; David Bertenthal <dbertenthal@pszjlaw.com>; Peter J. Keane <pkeane@pszjlaw.com>; Maxim Litvak <mlitvak@pszjlaw.com>; Steven J. Kahn <skahn@pszjlaw.com>; Gabriel I. Glazer <gglazer@pszjlaw.com>
**Subject:** RE: ASHINC - Youngman v Yucaipa

Gali: the changes to the pre-trial scheduling order are acceptable with one nit corrected in the attached version.  Can you please confirm we have approval to file with your /s/?

With respect to the edits to the side stipulation, we don't seem to be on the same page.  What we explained in our opposition to Yucaipa's motion for withdrawal was that "there are not 5 claims remaining to be tried as a practical matter" and that the aiding and abetting claim "requires no additional proof" given that it is undisputed that Yucaipa owed a fiduciary duty to Yucaipa at all relevant times.  That is true.  There will be no additional proof required.

In asking us to dismiss the aiding and abetting claim, we agreed to do so under the same framework that was adopted for Walker and Gendregske.  Both individuals stipulated that they owed fiduciary duties to Allied at all relevant times, and that any conduct of a fiduciary rising to the level of aiding and abetting would be a breach of that fiduciary's own fiduciary duties (rendering the claim duplicative).  Neither point is controversial under controlling law with respect to the directors or Yucaipa. Your edits, however, only stipulate that the Court found Yucaipa owed a fiduciary duty while reserving rights to potentially challenge that holding (despite the fact that Yucaipa never disputed this in its summary judgment briefing or in its 9033 objections).  If you intend to challenge the existence of a fiduciary duty, then we aren't going to reach agreement on dismissal of Claim 9.  Either way, the scope of trial will not be changed because there is no additional proof needed.

I've included a markup of your version of the side stipulation for consideration and I'm happy to discuss.

-JHZ

**From:** Gali Grant <ggrant@glaserweil.com>
**Sent:** Thursday, December 2, 2021 5:56 PM
**To:** Jeffrey H. Zaiger <jzaiger@zaigerllc.com>; Laura Davis Jones <ljones@pszjlaw.com>; Niederman, Seth A. <SNiederman@foxrothschild.com>; Gila S. Singer <gsinger@jhany.com>; Douglas J. Pepe <dpepe@jhany.com>; Judd Linden <jlinden@zaigerllc.com>; Gregory P. Joseph <gjoseph@JHANY.COM>
**Cc:** Patricia Glaser <pglaser@glaserweil.com>; Matthew Bernstein <mbernstein@glaserweil.com>; David Bertenthal <dbertenthal@pszjlaw.com>; Peter J. Keane <pkeane@pszjlaw.com>; Maxim Litvak <mlitvak@pszjlaw.com>; Steven J. Kahn <skahn@pszjlaw.com>; Gabriel I. Glazer <gglazer@pszjlaw.com>
**Subject:** RE: ASHINC - Youngman v Yucaipa

Hi Jeff,

Thank you for preparing the proposed order and stipulations.  We are fine with the dismissal stip.  We have a few changes to the side stip. and the pre-trial scheduling order.  Attached are the redlines showing our changes to the two documents, and clean word documents reflecting those changes as well.

With respect to the scheduling order, I believe our changes deal with the two open issues you note below.  Also, in an effort to address the concern you raised in your voicemail to me yesterday, we moved the deadline to exchange witness lists up by a few days.  Hopefully that works.  We prefer not to delay exchange of designations given the proximity of trial and the fact that there still remains ambiguity regarding the scope of factual issues the Trustee intends to raise at trial.  Specifically, as you note below, you intend to raise some pre-Fourth Amendment conduct by Yucaipa.  I believe during the call you mentioned there was some evidence relating to JCT from 2009, but I did not understand that to be a basis for any of the remaining claims.  If you could shed some light as to the scope of such evidence, perhaps that would be helpful in avoiding additional motions *in limine*.  I am happy to discuss at your convenience.

With respect to the side stip., as we previously stated, we are willing to stipulate that the Court has already ruled that it is undisputed that Yucaipa owed a fiduciary duty to Allied at all relevant times, and therefore, this will not be an issue at trial and the aiding and abetting claim will not be tried.  That is consistent with the Court's order and the Trustee's representations to the Court in its oppositions to our pending motions.

Please feel free to call me to discuss any of the above issues.

Gali

**Glaser Weil**

**Gali Grant | Partner**
10250 Constellation Blvd., 19th Floor, Los Angeles, CA 90067
Main: 310.553.3000 | Direct: 310.282.6291 | Fax: 310.785.3591
E-Mail: ggrant@glaserweil.com | www.glaserweil.com



This message and any attached documents may contain information from the law firm of Glaser Weil Fink Howard Avchen & Shapiro LLP that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message

**From:** Jeffrey H. Zaiger <jzaiger@zaigerllc.com>
**Sent:** Wednesday, December 1, 2021 11:23 AM
**To:** Gali Grant <ggrant@glaserweil.com>; Laura Davis Jones <ljones@pszjlaw.com>; Niederman, Seth A.

<SNiederman@foxrothschild.com>; Gila S. Singer <gsinger@jhany.com>; Douglas J. Pepe <dpepe@jhany.com>; Judd Linden <jlinden@zaigerllc.com>; Gregory P. Joseph <gjoseph@JHANY.COM>
**Cc:** Patricia Glaser <pglaser@glaserweil.com>; Matthew Bernstein <mbernstein@glaserweil.com>; David Bertenthal <dbertenthal@pszjlaw.com>; Peter J. Keane <pkeane@pszjlaw.com>; Maxim Litvak <mlitvak@pszjlaw.com>; Steven J. Kahn <skahn@pszjlaw.com>; Gabriel I. Glazer <gglazer@pszjlaw.com>
**Subject:** RE: ASHINC - Youngman v Yucaipa

Hi Gali: attached for your review please find a stipulation setting forth the pre-trial deadlines discussed (without prejudice to your outstanding motions).

Two open issues we agreed to revisit were: (1) whether to submit written directs for fact witnesses (with abbreviated live testimony), and (2) any deadline for motions *in limine*. Those are highlighted here. Let me know a convenient time to revisit. (Happy to address directly with you if it's easier.)

I've also attached a side stipulation with respect to dismissal of the aiding and abetting claim against Yucaipa (along the lines entered on behalf of Derex Walker and Mark Gendregske prior to dismissal of that claim against those individuals). Lastly, I've included a draft stipulation of partial dismissal of the aiding and abetting and preference claims.

With respect to the scope of trial, I can confirm that we will not be re-litigating the Fourth Amendment; however, I anticipate the procedural history will be included in our statement of uncontested facts for context. With respect to the conduct at issue in the remaining claims, I noted on the call that certain pre-fourth amendment conduct may be addressed and referenced the Court's summary judgment Opinion in this respect.

If you have any questions, please feel free to give me a call.

Regards,

JHZ

---

**From:** Gali Grant <ggrant@glaserweil.com>
**Sent:** Tuesday, November 30, 2021 2:37 PM
**To:** Laura Davis Jones <ljones@pszjlaw.com>; Jeffrey H. Zaiger <jzaiger@zaigerllc.com>; Niederman, Seth A. <SNiederman@foxrothschild.com>; Gila S. Singer <gsinger@jhany.com>; Douglas J. Pepe <dpepe@jhany.com>; Judd Linden <jlinden@zaigerllc.com>; Gregory P. Joseph <gjoseph@JHANY.COM>
**Cc:** Patricia Glaser <pglaser@glaserweil.com>; Matthew Bernstein <mbernstein@glaserweil.com>; David Bertenthal <dbertenthal@pszjlaw.com>; Peter J. Keane <pkeane@pszjlaw.com>; Maxim Litvak <mlitvak@pszjlaw.com>; Steven J. Kahn <skahn@pszjlaw.com>; Gabriel I. Glazer <gglazer@pszjlaw.com>
**Subject:** RE: ASHINC - Youngman v Yucaipa

Hi Jeff,

Thank you for meeting and conferring with us on November 24, 2021. From our view point, it was a productive meeting that shed some light on what issues the Trustee intends to try. Based on that meeting, we understand that the Trustee will not be trying issues related to the Fourth Amendment, will not be pursuing its claims for aiding and abetting and preference, will focus on post-fourth amendment conduct, and will only be seeking the remedies described in your email below.

As we also discussed on the call, we are generally in agreement with respect to the pre-trial deadlines you've proposed, subject of course to our position that the trial should be stayed/the reference should be withdrawn. As discussed, we are awaiting a proposed stipulation from you that documents those deadlines and agreements and the scope of the facts and remedies that will be the subject of the trial, consistent with our discussions. Please let us know when we should expect to receive a draft of that stipulation.

Thank you.

Gali

**Glaser Weil**

**Gali Grant | Partner**
10250 Constellation Blvd., 19th Floor, Los Angeles, CA 90067
Main: 310.553.3000 | Direct: 310.282.6291 | Fax: 310.785.3591
E-Mail: ggrant@glaserweil.com | www.glaserweil.com



This message and any attached documents may contain information from the law firm of Glaser Weil Fink Howard Avchen & Shapiro LLP that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message

**From:** Laura Davis Jones <ljones@pszjlaw.com>
**Sent:** Wednesday, November 24, 2021 11:21 AM
**To:** 'Jeffrey H. Zaiger' <jzaiger@zaigerllc.com>; Niederman, Seth A. <SNiederman@foxrothschild.com>; Gila S. Singer <gsinger@jhany.com>; Douglas J. Pepe <dpepe@jhany.com>; Judd Linden <jlinden@zaigerllc.com>; Gregory P. Joseph <gjoseph@JHANY.COM>
**Cc:** Patricia Glaser <pglaser@glaserweil.com>; Gali Grant <ggrant@glaserweil.com>; Matthew Bernstein <mbernstein@glaserweil.com>; David Bertenthal <dbertenthal@pszjlaw.com>; Peter J. Keane <pkeane@pszjlaw.com>; Maxim Litvak <mlitvak@pszjlaw.com>; Steven J. Kahn <skahn@pszjlaw.com>; Gabriel I. Glazer <gglazer@pszjlaw.com>
**Subject:** RE: ASHINC - Youngman v Yucaipa

Thanks for the response.  With respect to the aiding and abetting claim, the Trustee represented as a basis for opposing Yucaipa's motions to withdraw the reference and stay the trial that the only remaining claims for trial are the "Estate Claims for equitable subordination and breach of fiduciary duty and a Lender Claim for breach of the implied covenant."  See, e.g. Opp. to Mo. Stay at 3; see also Opp. to Mo. to Withdraw at 9.  We assume these representations were and remain accurate.  And our email below asks that you confirm this.

As for a stipulation for dismissal of that claim, we are willing to stipulate that, in light of the Court's ruling on summary judgment that "[i]t is undisputed that Yucaipa owed a fiduciary duty to Allied" (Opinion at 75), the existence of such a duty is not an issue at trial.  The scope of that duty, however, remains in dispute, and Yucaipa will reserve its right on appeal to challenge any and all of the Court's findings on summary judgment that affect the claims at trial.

With respect to the factual evidence to be presented at trial, thank you for confirming that the Trustee will stand by what was said in the her oppositions to the motion to withdrawal of the reference and the motion to stay the trial.  Further specificity is still needed.  Given that the Trustee is seeking exclusively "damages based on Yucaipa thwarting the JCT deal in 2011-2012 (See, e.g., Opp. to Mo. to Stay at 7), can you confirm that the only issues to be tried and evidence to be presented at trial concern the 2011-2012 negotiations with JCT?  This seeks to confirm that, for example, the Trustee will not include evidence and arguments concerning Yucaipa or the Allied Board's conduct in connection with approving and entering the Fourth Amendment.  Of course, if the parties are going to be litigating at trial whether or not the Fourth Amendment was entered into in bad faith or without any benefit to Allied (it was not), we need to understand that before trial, and the Court needs to understand that before ruling on the outstanding motions.

We are trying to make certain for the Court and all parties that we know the scope of issues we all intend to present to the Court, and the set of facts from which we are all working.

Talk with you soon –

Laura

**Laura Davis Jones**
Pachulski Stang Ziehl & Jones LLP
Tel: 302.778.6401 | Cell: 302.547.3132 | Fax: 302.652.4400
ljones@pszjlaw.com
vCard | Bio | LinkedIn



Los Angeles | San Francisco | Wilmington, DE | New York | Houston

---

**From:** Jeffrey H. Zaiger [mailto:jzaiger@zaigerllc.com]
**Sent:** Wednesday, November 24, 2021 10:04 AM
**To:** Laura Davis Jones <ljones@pszjlaw.com>; Niederman, Seth A. <SNiederman@foxrothschild.com>; Gila S. Singer <gsinger@jhany.com>; Douglas J. Pepe <dpepe@jhany.com>; Judd Linden <jlinden@zaigerllc.com>; Gregory P. Joseph <gjoseph@JHANY.COM>
**Cc:** Patricia Glaser <pglaser@glaserweil.com>; Gali Grant <ggrant@glaserweil.com>; 'Matthew Bernstein' <mbernstein@glaserweil.com>; David Bertenthal <dbertenthal@pszjlaw.com>; Peter J. Keane <pkeane@pszjlaw.com>
**Subject:** RE: ASHINC - Youngman v Yucaipa

Laura:

As you may know, the Trustee was previously asked, and agreed, to dismiss the aiding and abetting claim against Derex Walker and Mark Gendregske.  The requests were predicated on the understanding — memorialized in side stipulations — that both men indisputably owed fiduciary duties to Allied at all relevant times and, as such, any aiding and abetting claim would be duplicative.  As noted in our opposition papers, our understanding is that it is similarly undisputed that Yucaipa owed fiduciary duties to Allied at all relevant times.  If you can confirm that there is no daylight on this issue in a similar side stipulation, then we are amenable to dismissing the aiding and abetting claim without prejudice.  We are also amenable to dismissing Estate Claim 12 (Recovery of Preferential Transfers) without prejudice given the current posture of the case.

With respect to the factual evidence presented at trial and remedies, we stand by what we said in our briefs and the Court's Opinion and Orders.  The remaining remedies sought are: (i) the difference between the proceeds the Estate and its stakeholders should have received from a JCT transaction in late 2011 to 2012, and the proceeds from the JCT 363 Sale, and (ii) equitable subordination of Yucaipa's debt holdings.

Regards,

JHZ

**From:** Laura Davis Jones <ljones@pszjlaw.com>
**Sent:** Monday, November 22, 2021 5:33 PM
**To:** Niederman, Seth A. <SNiederman@foxrothschild.com>; Gila S. Singer <gsinger@jhany.com>; Douglas J. Pepe <dpepe@jhany.com>; Jeffrey H. Zaiger <jzaiger@zaigerllc.com>; Judd Linden <jlinden@zaigerllc.com>
**Cc:** Patricia Glaser <pglaser@glaserweil.com>; Gali Grant <ggrant@glaserweil.com>; 'Matthew Bernstein' <mbernstein@glaserweil.com>; David Bertenthal <dbertenthal@pszjlaw.com>; Peter J. Keane <pkeane@pszjlaw.com>
**Subject:** ASHINC - Youngman v Yucaipa

As you know, Yucaipa has asked the Bankruptcy Court to stay the adversary proceedings pending a resolution of the District Court appeals.  However, Yucaipa is also preparing for trial, in the event that the Bankruptcy Court denies its motion.  To that end, Yucaipa would like to be clear about the claims and issues that the Litigation Trustee will be pursuing at trial and those it is not.

In her opposition briefs to Yucaipa's motions to withdraw the reference and to stay the adversary proceedings, the Litigation Trustee stated that she would not pursue either Estate Claim 9 for Aiding and Abetting Breach of Fiduciary Duty or Estate Claim 12 for Recovery of Preferential Transfers.  ***We ask that you confirm as soon as possible that the Litigation Trustee will not be pursuing either of those claims and will not present any evidence or argument with respect to those claims at trial***.  Please also let us know if the Litigation Trustee will stipulate to dismiss those claims at this time.

In addition, the Litigation Trustee stated in her opposition briefs that the factual evidence to be presented at trial would be limited to "Yucaipa's conduct when masquerading as Requisite Lender, including its 'conduct in the JCT Negotiations' and whether it 'caused Allied to commit events of default under the FLCA.'"  Opp. to Stay Mtn. at 5.  The Litigation Trustee also stated that the remedies sought at trial in connection with the claims for breach of fiduciary duty and breach of the implied covenant would be limited to "damages based on Yucaipa thwarting the JCT deal in 2011-2012."  *Id.* at 7; *see also* Opp. to Withdrawal Mtn. at 12 ("the Trustee measures damages for Yucaipa's breaches of fiduciary duty as the difference between the proceeds the Estate should have received from a sale to JCT in late 2011 to 2012, and the proceeds it actually received as a result of Yucaipa's fiduciary breaches.").  ***We ask that you confirm as soon as possible that the Litigation Trustee will not present any evidence or argument at trial, and will not seek any remedies, other than with respect to those alleged facts and the remedies set forth in her opposition briefs as referenced above***.

Thank you in advance for your response –

Laura


**Laura Davis Jones**
Pachulski Stang Ziehl & Jones LLP
Tel: 302.778.6401 | Cell: 302.547.3132 | Fax: 302.652.4400
ljones@pszjlaw.com
vCard | Bio | LinkedIn



Los Angeles | San Francisco | Wilmington, DE | New York | Houston

Although some Glaser Weil attorneys and staff still are working remotely in order to reduce the risks associated with COVID-19, we all will continue doing our utmost to provide prompt, professional service to and on behalf of our clients.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.